UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

| | |
|---|---|
| MARK THOMPSON | PLAINTIFF |
| v. | CIVIL ACTION NO. 1:06cv168-R |
| QUORUM HEALTH RESOURCES, LLC AND TRIAD HOSPITALS, INC. | DEFENDANTS |

Please Serve:

| | |
|---|---|
| Quorum Health Resources, LLC<br>CSC-Lawyers Incorporating Services Inc.<br>421 West Main Street<br>Frankfort, KY 40601 | Triad Hospitals, Inc.<br>Donald P. Fay<br>13455 Noel Road, 20th Floor<br>Dallas, TX  75240 |

**COMPLAINT**

Comes now the Plaintiff, Mark Thompson, by counsel, for his Complaint for relief against the Defendants states as follows:

THE PARTIES

1.     Plaintiff, Mark Thompson, is an individual who resides in Monroe County, Kentucky, and at all times relevant hereto, was employed by the Defendant, Quorum Health Resources, LLC, in Monroe County, Kentucky.

2.     Defendant, Quorum Health Resources, LLC (Quorum), was and is a Delaware corporation doing business in the State of Kentucky.  Quorum is owned and managed by Triad Hospitals, Incorporated, a Delaware Corporation with a principal place of business in Texas.

JURISDICTION AND VENUE

3.     This Court has jurisdiction over this case under Title 31 Section 3730(h) of the United States Code.

4.      Venue is proper in this district because Plaintiff's claim described in this Complaint arose in Monroe County, which is within the Western District of Kentucky. Accordingly, venue in this matter is placed in the judicial district designated as the Western District of Kentucky, pursuant to 28 U.S.C. § 1391(b).

## FACTS

5.      The allegations of the preceding paragraphs are realleged as if fully set forth below.

6.      Plaintiff became an employee of Defendant in 1994.

7.      At the time of his termination, Plaintiff was employed by Defendant as Chief Executive Officer at Monroe County Medical Center in Tompkinsville, Kentucky.

8.      During his employment, Plaintiff learned of various practices and actions by Defendant corporations that constituted fraud against the federal government. Plaintiff repeatedly discussed and notified his supervisors about his concerns regarding such practices. Such actions on the part of Plaintiff were lawful acts done under the provisions of the False Claims Act.

9.      In November 2004, Defendants became aware, through contact with a federal employee, that Plaintiff had been communicating with federal authorities regarding possible fraudulent actions by Defendant corporations.

10.     In December 2004, as a direct and consequential result of Plaintiff taking the above described lawful acts, Defendants took unlawful and retaliatory action against Plaintiff by suspending him from employment.

11.     On or about July 28, 2006, as a direct and intended result of the above described lawful acts, Defendants took unlawful and retaliatory action against Plaintiff by terminating his employment.

## COUNT ONE
## RETALIATORY DISCHARGE

12. The allegations of the preceding paragraphs are realleged as if fully set forth below.

13. Defendants have a duty under the False Claims Act, 31 U.S.C. § 3730(h), to refrain from taking retaliatory actions against employees who take lawful actions in furtherance of investigation, testimony, or assistance in the investigation of fraud against the United States that may conclude in an action filed under this section.

14. Plaintiff took lawful actions in furtherance of investigation, testimony, or assistance in the investigation of fraud against the United States that may conclude in an action filed under this section, and, as such, engaged in protected activity under the False Claims Act and other laws.

15. Defendants Quorum Health Resources, LLC, and Triad Hospitals, Inc., knowingly and intentionally discharged, demoted, threatened, harassed, and discriminated against Plaintiff in this case, in the terms and conditions of his employment as Chief Executive Officer at the Monroe County Medical Center, because of lawful acts done by Plaintiff under the provisions of the False Claims Act, in violation of 31 U.S.C . § 3729(h) .

16. The actions of Defendants damaged and continue to damage Plaintiff in violation of 31 U.S.C. § 3730(h), in an amount to be determined at trial as a result of Defendants' actions in this regard.

17. Defendants' misconduct and illegal treatment of Plaintiff and those they derogatorily consider "whistleblowers" has the effect of stifling reports of fraud against the United States. This treatment effectively warned other Defendant employees that they should not engage in honest and open reporting of Defendants' misconduct creating further harm to Plaintiff and the public.

WHEREFORE, Plaintiff prays:

a. That Plaintiff be awarded all compensatory and punitive damages, including personal injury damages for pain, suffering, and physical and emotional distress, and loss of reputation to which he is entitled pursuant to 31 U.S.C. § 3730(h) and other applicable law;

b. That Plaintiff be awarded compensatory and punitive damages arising from employment discrimination pursuant to 31 U.S.C. § 3730(h) and other applicable law;

c. That Plaintiff be provided with injunctive or equitable relief, as may be appropriate, to prevent further harm to himself and to prevent the harm to others and the public caused by Defendants' retaliation against whistleblowers;

d. That a jury trial be held on all issues;

e. That Plaintiff be awarded all litigation costs, expert fees, and reasonable attorneys' fees incurred as provided pursuant to 31 U.S.C. § 3730(h) and other applicable law;

Respectfully submitted,

SMITH & HELMAN

/s/ John L Caudill
John L Caudill
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
*Counsel for the Plaintiff,*
*Mark Thompson*