UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06-CV-168-R

MARK THOMPSON                                                                   PLAINTIFF

V.

QUORUM HEALTH RESOURCES, LLC
AND TRIAD HOSPITALS, INC.                                             DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Triad Hospital's Motion to Dismiss for failure to state a claim (Docket #8).  Plaintiff Mark Thompson has filed a response (Docket #12). Triad has replied (Docket  #13).  This matter is now ripe for adjudication.  For the reasons that follow, Triad's Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff was employed by Defendant Quorum Health Resources as the Chief Executive Officer of Monroe County Medical Center in Tompkinsville, Kentucky.  Quorum is a subsidiary corporation of Defendant Triad.  Plaintiff alleges that he was assisting an investigation of fraud against the United States when Quorum and Triad unlawfully retaliated against him.  Plaintiff filed a complaint claiming that Quorum and Triad violated the retaliation provision of  the False Claims Act ("FCA").  31 U.S.C. § 3730(h).  Triad filed this motion to dismiss, arguing that because Triad is not Plaintiff's employer, it cannot be liable under § 3730(h).

## STANDARD

Triad has moved the Court to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  "When considering a motion to dismiss pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## ANALYSIS

Plaintiff alleges that Triad is liable for unlawful retaliation in violation of the FCA. Under the FCA "any employee who is discharged . . . by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section . . . shall be entitled to all relief necessary to make the employee whole." 31 U.S.C. § 3730(h).

"In order to establish a claim for retaliatory discharge, a plaintiff must show: (1) he engaged in a protected activity; (2) his employer knew that he engaged in the protected activity; and (3) his employer discharged or otherwise discriminated against the employee as a result of the protected activity." *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 566 (6th Cir. 2003). Triad

2

argues that because it is not Plaintiff's employer, it cannot be liable to Plaintiff for retaliation under the FCA.

The Court agrees that only Plaintiff's employer can be liable under § 3730(h).  "The plain language of the statute includes only employees."  *Vessel v. DPS Associates of Charleston, Inc.*, 148 F.3d 407, 412 (4th Cir. 1998).  The statute states that "employees" are entitled to relief for the actions of "employers."  § 3730(h).  Additionally, the employee "shall" be entitled to relief such as reinstatement or back wages.  *Id.*  Such remedies "can logically be granted only by someone who has or had an employment relationship with a section 3730(h) plaintiff."  *Mruz v. Caring, Inc.*, 991 F. Supp. 701, 709 (D.N.J. 1998).

The complaint specifically alleges that Quorum was Plaintiff's employer.  However, the complaint alleges only that Triad "owned and managed" Quorum.  The fact that Triad is the parent corporation of Plaintiff's employer is not enough to make Triad Plaintiff's employer as well.

"It is well established that a parent corporation and a subsidiary are in law separate and distinct entities." *Tennessee Valley Authority v. Exxon Nuclear Co.*, 753 F.2d 493, 497 (6th Cir. 1985). "[C]ourts have permitted the corporate veil to be pierced . . . only after a strong showing of such control of the subsidiary by the parent to effectively render the subsidiary a mere instrumentality of the parent.  *Id.*  Additionally, the use of the parent/subsidiary corporate form must be fraudulent.  *Id.*  "In such cases, the subsidiary corporation is treated as the 'alter ego' of the parent corporation shareholder and the parent corporation may be held liable."  *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724 (2007).  The burden is on the plaintiff to demonstrate such grounds.  *Id.*

3

There is nothing in the complaint that would lead the Court to regard Quorum as the alter ego of Triad. The complaint contain no allegations that Quorum is a mere instrumentality of Triad. There are no allegations of any misuse of the corporate form. If Triad and Quorum are separate legal entities, Plaintiff must allege facts in the complaint that would allow the Court to find that a legal entity that is separate from Plaintiff's employer can still be considered Plaintiff's employer under the FCA.

To accomplish this, Plaintiff requests that the Court apply the test used in Title VII employment discrimination cases to determine if a parent corporation can be considered to have an employment relationship with the subsidiary corporation's employee. Plaintiff has submitted two different tests.

Plaintiff has not pled any of these theories in the complaint. However, if the complaint contains "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," then the complaint will survive a motion to dismiss under 12(b)(6). *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997). Without ruling that any Title VII test is applicable to the FCA, the Court will examine the facts alleged in the complaint to see if any of the suggested tests are satisfied. If the test is satisfied, and the test is applicable to the FCA, then Plaintiff will have satisfied the employment requirement under § 3730(h).

Plaintiff first suggests that the employment requirement for liability under § 3730(h) can be satisfied by the "single employer" or "integrated enterprise" doctrine. *Swallows v. Barnes & Noble Book Stores, Inc.*, 990, 993 (6th Cir. 1997). "Under the 'single employer' or 'integrated enterprise' doctrine, two companies may be considered so interrelated that they constitute a single employer." *Id.*

4

>In determining whether to treat two entities as a single employer, courts examine the following four factors: (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control.

*Id.* at 993-94.  Although no one factor is conclusive for establishing an integrated enterprise, "control over labor relations is a central concern."   *Id.* at 994.

There are no factual allegations in the compliant that the Court can use to infer interrelation of operations.  Examples of interrelated operations include combining the parent company and the subsidiary company's accounting or bookkeeping, marketing the companies as a combined operation, and issuing checks on each other's behalf.  *Id.*

There is also no evidence of common management to be found in Plaintiff's complaint. The complaint merely alleges that Triad managed Quorum.  An example of common management would be if corporate officers or board members worked for both companies.  *Id.*

The allegations are also insufficient to infer that Quorum and Triad have centralized control over labor relations.  An example of this would be the if Triad had the power to suspend or terminate Quorum employees.  "So far as discrimination in hiring and firing . . . is concerned, the key powers are, naturally, those of hiring and firing."  *Id.*  (quoting *EEOC v. Illinois*, 69 F.3d 167, 171 (7th Cir. 1995).  While the complaint does allege that Triad manages Quorum, this does not suggest that Triad can fire individual Quorum employees.

Finally, there is no showing of common ownership and financial control. The fourth factor is "an inquiry into the legitimacy of the entities.  If neither of the entities is a sham then the fourth test is not met."  *EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 572 (6th Cir. 1984).  No such allegation is contained in the complaint.

Nothing alleged in the complaint allows the Court to infer the existence of any of the four factors. With the absence of all four factors of the single employer doctrine, the Court cannot use the doctrine to find that Triad was Plaintiff's employer. Therefore, even if the Court ruled that the single employer doctrine applies § 3730(h), Plaintiff would still not be entitled to relief.

Plaintiff cites *Papa v. Katy Industries, Inc.* as providing a second test the Court could use to determine if a parent corporation should be considered to have an employment relationship with the employee of a subsidiary. 166 F.3d 937 (7th Cir. 1999).

> Papa offer[s] three situations in which a parent could be held liable for the acts of its affiliates: (1) where the circumstances were present for piercing the corporate veil, (2) where the corporation was splintered into affiliates in an effort to avoid liability under the anti-discrimination laws or (3) where the parent directed the discriminatory act or policy at issue.

*LaBouve v. Boeing Co.*, 387 F. Supp. 2d 845, 850-51 (N.D. Ill. 2005).

The allegations in the complaint are insufficient for the Court to infer the existence of any of these three situations. Plaintiff alleges none of the traditional conditions for piercing the corporate veil, such as neglect of corporate formalities. *Papa*, 166 F.3d at 941. Plaintiff does not allege that Quorum and Triad have been separately incorporated in an attempt to avoid liability. *Id.* Finally, Plaintiff does not allege in the complaint that Triad directed Quorum, Plaintiff's employer, to take unlawful action against Plaintiff. Plaintiff alleges that Triad manages Quorum, but there is no allegation that Triad ordered Quorum to discriminate against Plaintiff.

Under any theory submitted by Plaintiff, the complaint does not set out sufficient factual allegations to allow the Court to infer that Triad was Plaintiff's employer. Since § 3730(h) only applies to the plaintiff's employer, the complaint does not state a claim upon which relief may be

granted against Defendant Triad.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  The claim

against Defendant Triad is dismissed without prejudice.

An appropriate order shall issue.

7