### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION
### CASE NO. 1:06-CV-168

**MARK THOMPSON**                                                                  **PLAINTIFF**

**v.**

**QUORUM HEALTH RESOURCES, LLC**                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Objections to Magistrate's Order Denying Motion to Compel (Docket #91).  Plaintiff objects to three findings in the Magistrate's Order filed September 24, 2009 (Docket #84).

First, Plaintiff objects to the Magistrate's finding that Quorum Health Resources, LLC ("QHR") attempted in good faith to obtain records by making inquiries to individuals formerly employed with Triad Hospitals, Inc. ("Triad").  Triad was QHR's parent company but has since dissolved.  Plaintiff argues that the Magistrate incorrectly viewed Triad as a distinct and separate entity from QHR, and QHR's responsibility to maintain its own records remained the same despite its acquisition by Triad.

A party has a duty to preserve evidence, including electronically stored evidence, "when the party 'has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation.'" *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citations omitted).  In this case, neither party has alleged that the email records were not preserved on the backup tapes.  Following the discovery requests, QHR took the necessary steps to determine the accessibility of the backup tapes, as well as the cost and burden of getting the files off of those tapes.  Defendant has claimed that it would be an undue burden, the costs are significant, and the benefit to Plaintiff is outweighed by the cost and undue burden.  The Court

sees no reason to disagree with the Magistrate's finding that QHR made a good faith attempt to obtain the records.  Therefore, the objection is overruled.

Plaintiff also objects to the Magistrate's finding that the testimony of QHR officials, who stated they knew nothing of the Thompson matter, was credible.  The Order states "Defendant also points out that Plaintiff has already learned through the depositions of Messrs. Cook and Humes that they were not even meaningfully involved in the decision to suspend and/or subsequently terminate Plaintiff."  This statement is based on the depositions of Cook and Humes.  In Cook's deposition, he states that he did not find out that Thompson was working with the federal government or was a "whistleblower" until December of 2008.  Humes's deposition states that he delivered the notice of suspension to Thompson, and had no knowledge that Thompson had been cooperating with the U.S. Attorney's Office.  Plaintiff has not directed the Court to any other statements by Cook or Humes that would lead the Court to believe that their deposition assertions were not credible.  Therefore, this objection is without merit.  The Court notes that even if this objection was sustained, it would not have changed the outcome of the decision.

Finally, Plaintiff objects to the finding that QHR's estimate of the actual cost of retrieval for electronically stored material was accurate.  The Magistrate found that Defendant had shown undue burden and cost, estimating that retrieval could take several months and potentially cost $500,000 or more.  Plaintiff has not presented any evidence demonstrating that Defendant's figures are not accurate.  In contrast, Defendant offered specific cost data.  Defendant also completed a sample restoration of six backup tapes at a cost of $2,500.  Plaintiff did not argue that Defendant's information was falsified, nor did Plaintiff assert any other estimates for actual

2

cost.  Therefore, the Court finds this objection to be without merit.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Objections are **OVERRULED**.