UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CV-00168-TBR

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2010 FEB -5  PM 1:50

THOMPSON

v.

QUORUM HEALTH RESOURCES, LLC

# JURY INSTRUCTIONS

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the plaintiff, Thompson, has proven his case against the Defendant by a preponderance of the evidence. The burden is upon the plaintiff in a civil action, such as this, to prove every essential element of each of his claims by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" simply means to prove that the claim is more likely so than not so. If the proof should fail to establish any essential element of any of the plaintiff's claims by a preponderance of the evidence, the jury should find for the defendant as to that claim.

It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is

different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses, who, by education and experience, have become experts in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be an expert, and may also state their reasons for the opinion. You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

Certain charts and summaries have been shown to you in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in this case. These charts and summaries are not themselves proof of any facts. They are not binding on you in any way. If they do not correctly reflect the facts shown by the evidence in the case, you

should disregard these charts and summaries and determine the facts from the evidence.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all nine (9) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case

with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

**Please proceed to Instruction No. 1 on the next page.**

# INSTRUCTION NO. 1

## Retaliation

Thompson claims that Quorum Health Resources ("Quorum") retaliated against him because he filed a lawsuit against Quorum under the False Claims Act. Section 3730(h) of the False Claims Act provides:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, or agent on behalf of the employee, contractor, or agent or associated others in furtherance of other efforts to stop 1 or more violations of this subchapter.

To prevail on his claim, Thompson must prove all of the following by a preponderance of the evidence:

**First**: Thompson engaged in a protected activity under the False Claims Act;

**Second**: Quorum knew that Thompson was engaged in protected activity; and

**Third**: Quorum suspended and/or discharged Thompson because he was engaged in protected activity.

"Protected activity" is defined as activity which reasonably could lead to a viable False Claims Act action. To be protected activity, the activity must relate to exposing fraud against the United States government. Although an employee's conduct need not lead to an actual False Claims Act action, protection under the False Claims Act is limited to claims where litigation is reasonable and could be legitimately filed. You are not to consider whether the litigation is successful or not. The protected activity is the filing of the qui tam action.

The parties have agreed that the first element, that Thompson engaged in protected activity under the False Claims Act, is true. You must therefore treat this condition as having

been proven for purposes of this case.

There is no dispute as to the second element. At the time Quorum suspended Thompson with pay and at the time Quorum terminated his employment, Quorum knew that Thompson was engaged in protected activity. The issue for you to determine is whether or not Quorum suspended and/or discharged Thompson because of protected activity. You must consider the following:

First, Quorum must proffer a legitimate, non-discriminatory reason for the adverse employment action taken against Thompson. You have heard proof in this case that Quorum's proffered reason for termination was that Thompson violated Quorum's Code of Conduct by failing to report his suspicions of fraud and cooperate in Quorum's investigation of such concerns, and signing annual acknowledgments representing he was not aware of fraud or other compliance issues within the company. The Court has found that Quorum has proffered a legitimate, non-discriminatory reason for the adverse employment actions taken against Thompson.

Therefore, in order for you to find that Quorum unlawfully retaliated against Thompson, Thompson must show by a preponderance of the evidence that Quorum's proffered reason was either:

(1)    Not the actual reason; or

(2)    Insufficient to explain Quorum's actions.


**Please proceed to Instruction No. 2 on the next page.**

## INSTRUCTION NO. 2

You have heard evidence that Thompson filed a qui tam action and that the government did some investigation. The results of that investigation and whether the suit was eventually dismissed or proceeded is not relevant to the issues before you.

The issue in this case is whether Quorum retaliated against Thompson because he filed the complaint. Thompson alleges that he was terminated because he filed the complaint. Quorum denies that it retaliated against Thompson because he filed the complaint. Quorum alleges it terminated Thompson because of his violation of Quorum's Code of Conduct.

**Please proceed to Instruction No. 3 on the next page.**

# INSTRUCTION NO. 3

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find that Thompson has proved his claim against Quorum, then you must determine what amount of damages, if any, Thompson is entitled to recover. Thompson has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Thompson for any injury you find was caused by Quorum. It is for you to determine what damages, if any, have been proved. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence. The purpose of compensatory damages is to make Thompson whole--that is, to compensate Thompson for the damage he has suffered. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Quorum.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Thompson prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You may award compensatory damages only for injuries that Thompson proves were proximately caused by Quorum's allegedly wrongful conduct. Thompson must show that the injury would not have occurred without Quorum's acts. The amount of damages may not include any damages that you find were not caused by Quorum's conduct. In other words, you shall not include any damages caused by Thompson himself or by conduct of a third party other than

Quorum.

If you decide that Quorum engaged in unlawful retaliation, you may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Thompson experienced as a consequence of Quorum's unlawful retaliation. No evidence of the monetary value of such intangible things as pain and suffering need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Thompson would have earned, either in the past or in the future, if he had continued in employment with Quorum. These elements of recovery of wages that Thompson would have received from Quorum are called "back pay" and "front pay," and are to be awarded separately under instructions that I will soon give to you. Any amounts for "back pay" and "front pay" are to be entered separately on the verdict form.

If you decide that Quorum engaged in unlawful retaliation, you may award damages for monetary losses that Thompson may suffer in the future as a result of Quorum's unlawful retaliation. For example, you may award damages for loss of earnings resulting from any harm to Thompson's reputation that was suffered as a result of his termination. Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, he may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not occurred. That element of damages is distinct from the amount of wages Thompson would have earned in the future from Quorum if he had retained the job.

In assessing damages, you must not consider attorney fees or the costs of litigating this

case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Please proceed to Instruction No. 4 on the next page.**

## INSTRUCTION NO. 4

### Back Pay

If you find that Quorum discharged Thompson in violation of the False Claims Act's anti-retaliation law prohibiting such retaliation, you may award him the back pay he would have earned if Quorum had not discharged him. Thompson has the burden of proving both the existence and the amount of back pay by a preponderance of the evidence. You may award as actual damages an amount that reasonably compensates Thompson for any lost wages and benefits, including pension, that Thompson would have received from Quorum had Thompson not been discharged.

Back pay damages, if any, apply from the time Thompson was terminated by Quorum until the date of your verdict. You must reduce any award by the amount of the expenses that Thompson would have incurred in making those earnings. If you award back pay, you are instructed to deduct from the back pay figure whatever wages Thompson has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation, and pension benefits from an award of back pay.

**Please proceed to Instruction No. 5 on the next page.**

# INSTRUCTION NO. 5

## Mitigation

You are further instructed that Thompson has a duty to mitigate his damages – that is, Thompson is required to make reasonable efforts under the circumstances to reduce his damages. It is Quorum's burden to prove that Thompson has failed to mitigate. So if Quorum persuades you, by a preponderance of the evidence, that Thompson failed to obtain substantially equivalent job opportunities that were reasonably available to him, you must reduce the award of damages by the amount of the wages that Thompson reasonably would have earned if he had obtained those opportunities.

**Please proceed to Instruction No. 6 on the next page.**

## INSTRUCTION NO. 6

### Front Pay

If you find that Quorum discharged Thompson in violation of the False Claims Act's anti-retaliation law prohibiting such retaliation, you may determine separately a monetary amount equal to the present value of any future wages or benefits that Thompson would reasonably have earned from Quorum had Thompson not been terminated for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits Thompson will receive from other employment during that time. Thompson has the burden of proving these damages by a preponderance of the evidence.

If you find that Thompson is entitled to recovery of future earnings from Quorum, then you must reduce any award by the amount of the expenses that Thompson would have incurred in making those earnings.

You must also reduce any award to its present cash value by considering the interest that Thompson could earn on the amount of the award if he made a relatively risk-free investment. You must make this reduction because an award of an amount representing future loss of earnings is more valuable to Thompson if he receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because Thompson can earn interest on it for the period of time between the date of the award and the date he would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that Thompson can earn on that amount in the future. The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of

money which may be caused by future inflation.

**Please proceed to Instruction No. 7 on the next page.**

# INSTRUCTION NO. 7

## Nominal Damages

If you return a verdict for Thompson, but Thompson has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.


**Please proceed to Interrogatory No. 1 on the next page.**

# INTERROGATORY NO. 1

You will find for Plaintiff Mark Thompson under this interrogatory if you are satisfied from the evidence that Defendant Quorum Health Resources, LLC, suspended and/or discharged Thompson because he was engaged in protected activity under the False Claims Act. This means you have found that Quorum's proffered reason for suspending and/or terminating Thompson was not the actual reason or is insufficient to explain Quorum's actions. If you determine that Quorum did not suspend and/or discharge Thompson because he engaged in protected activity, you will find for Quorum.

Do you find by a preponderance of the evidence that Defendant Quorum Health Resources suspended and/or discharged Thompson because he was engaged in protected activity?

YES ____✓____          NO _____

____[redacted]____          __2/5/2010__

Foreperson Signature          Date

**If you answer "YES" please proceed to Interrogatory No. 2 on the next page.**

**If you answer "NO" please return to the courtroom.**

## INTERROGATORY NO. 2

Do you find from a preponderance of the evidence that Thompson sustained damages, and that such damages were a direct and proximate result of Quorum's suspension and/or discharge of Thompson?

YES ✓      NO _____

_____       2/5/10
Foreperson Signature      Date

If your answer is Yes, state what amount you find, if any, below. If you find that Thompson's damages have no monetary value, set forth a nominal amount such as $1.00.

| | |
|---|---|
| Pain and Suffering Thompson has Endured or is Reasonably Certain to Endure | $ 30,000.00 |
| Back Pay | $ 400,644.00 |
| Front Pay | $ 70,000.00 |
| Nominal Damages | $ 0 |

_____       2/5/2010
Foreperson Signature      Date

**Please return to the courtroom.**